**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan BLANCO–HERNANDEZ,**
**Defendant–Appellant.**

No. 06–40031.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Juan Blanco–Hernandez appeals his conviction and the 75–month sentence imposed following entry of his guilty plea to one count of being found illegally in the United States subsequent to deportation and a conviction for an aggravated felony. Blanco–Hernandez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Because the Government does not seek to enforce Blanco–Hernandez's appeal waiver, it is not binding. *See United States v. Story,* 439 F.3d 226, 231 (5th Cir.2006).

Blanco–Hernandez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Blanco–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Blan-

co–Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.